## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **J.P. MORGAN SECURITIES LLC,** | **PLAINTIFF** |
| v. | No. 3:22-cv-14-BJB |
| **TIMOTHY CHAD LOGSDON,** | **DEFENDANT** |

### MEMORANDUM OPINION & ORDER

J.P. Morgan sought a temporary restraining order enjoining its former employee, Timothy Logsdon, from disclosing confidential information and soliciting J.P. Morgan clients. TRO Motion (DN 3) at 2. As part of the requested relief, J.P. Morgan sought leave to commence "expedited discovery" for "preliminary injunction proceedings" before the Court, as well as an order for Logsdon to show cause why the TRO should not be converted into a preliminary injunction. *Id.* at 15. After a hearing on the motion (DN 20), the Court denied J.P. Morgan's request because it failed to show sufficient evidence of ongoing solicitations or disclosure. Order (DN 22) at 3. That Order denied a temporary restraining order, but left open "the possibility of a renewed request for [temporary injunctive] relief based on a more robust evidentiary hearing" under Rule 65. *Id.*

J.P. Morgan now moves to expedite discovery in support of a request for a preliminary injunction, which it says remains pending. Motion to Expedite (DN 23) at 3. Given the prospect of "a more robust evidentiary hearing," it (1) seeks to depose Logsdon "for no longer than three hours" and (2) requests production of documents pertaining to Logsdon's communications with J.P. Morgan clients, dating from November 12, 2021 through the date of production. Motion to Expedite at 1; Documents to Be Produced (DN 23-1). Logsdon opposes this motion because J.P. Morgan has not shown good cause. Response (DN 25) at 2.

Logsdon is correct. District courts have discretion to order expedited discovery when the moving party shows "good cause." *Sisters for Life, Inc. v. Louisville-Jefferson County Metro Government*, No. 3:21-cv-367, 2022 WL 71634, at *1 (W.D. Ky. Jan. 6, 2022). Good cause exists "where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant." *USEC Inc. v. Everitt*, No. 3:09-cv-4, 2009 WL 152479, at *3 (E.D. Tenn. Jan. 22, 2009) (quoting *Metal Bldg. Components, LP v. Caperton*, No. civ-4-256, 2004 WL 7337726, at *4 (D.N.M. Apr. 2, 2004)). Courts may grant such requests when the information is "necessary for a preliminary injunction." *Sisters for Life*, 2022 WL 71634 at *1. According to J.P. Morgan, it has shown good cause because the Court's Order denied only the request for a temporary restraining order but didn't deny the request for a preliminary injunction. Reply (DN 27) at 1.

1

This interpretation is too narrow. The Court rejected the TRO on the ground that evidence supporting an essential justification for temporary injunctive relief under Rule 65—irreparable harm—was absent from the record. This reasoning behind the TRO denial applied equally to the requested preliminary injunction. Plaintiff's counsel admitted it lacked evidence of any ongoing disclosure, and defense counsel represented to the Court that he was not aware of any present or ongoing communications between Logsdon and (current) J.P. Morgan clients. Order at 1–2. The same shortcoming, of course, would've kept J.P. Morgan from obtaining a preliminary injunction as well.

J.P. Morgan now seeks discovery to support a "renewed request for relief based on a more robust evidentiary showing … which could satisfy Rule 65's requirements for an injunction *or* restraining order." Order at 3 (emphasis added). It contends the preliminary-injunction request remains pending, at least in a technical sense. Even if so, J.P. Morgan hasn't offered any showing of good cause that could support expedited discovery beyond that found insufficient after the Court's initial hearing. The record currently before the Court not only fails to support temporary relief; it also fails to explain why expedited discovery is necessary in a case that will ultimately be adjudicated before a FINRA arbitrator. Lacking any real-world risks or litigation concerns that would necessitate an accelerated schedule, the Court lacks a basis to conclude that good cause supports expedited discovery and denies J.P. Morgan's motion to expedite (DN 23).

Benjamin Beaton, District Judge
United States District Court

February 18, 2022